UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ADAM GERHARDT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:17-cv-00702-JMS-MPB |
|  | ) |  |
| WENDY KNIGHT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Adam Gerhardt, an inmate in the Indiana Department of Correction (IDOC), petitions for a writ of habeas corpus challenging prison disciplinary proceeding number CIC 16-11-0024. For the reasons explained in this Entry, Mr. Gerhardt's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

Indiana Department of Correction Intelligence Analyst Courtney Foust issued a conduct report to Mr. Gerhardt on November 2, 2016, after a conversation he heard while listening to inmate phone calls. The report charged him with violating section B-220 of the IDOC's Adult Disciplinary Code, which prohibits unauthorized financial transactions. The conduct report provides:

> On 11/02/2016 at 9:45 AM, I, C. Fouts (Intelligence Analyst) was listening to Offender Padgett, Dustin #998718 phone call . . . on 10/30/2016 at 20:30. . . . At 5:37 into the call Offender Padgett provides the phone number . . . . According to Facebook this phone number comes back to Offender Gerhardt, Adam #215056 (7B F2). At 6:10 into the call Offender Padgett tells his father to "send $150 Walmart to Walmart to Kasie for AG from Padgett." In my training experience, I am confident that Offender Gerhardt is making an unauthorized financial transaction. Offender Gerhardt is in clear violation of Code 220.

Dkt. 9-1 (capitalization modified; text alterations added).

Mr. Gerhardt was notified of the charge on November 5, 2016, when he was served with the screening report and received a copy of the conduct report. He pleaded not guilty and requested a statement from Offender Padgett as well as the phone record evidence. Dkt. 9-2.

Padgett's written statement answered a written question from Mr. Gerhardt. The question, "Did I ask you to send me money?" was answered by Padgett, "I at [sic] any time did not tell my Dad to send money to Adam Gerhardt. I [sic] another peer gave me his number. It was supposed to be a phone number that didn't work." Dkt. 9-3.

The disciplinary hearing was held on November 18, 2016. Mr. Gerhardt's statement was considered:

> This was 3 weeks ago and didn't know anything about it till I went to screening. I have no knowledge of him using my information. I never called and asked about getting any money. I don't ever say anything about getting money over my phone. I would plea [sic] guilty to a business transaction.

2

Dkt. 9-5.

The hearing officer considered Mr. Gerhardt's statement and the staff report and found Mr. Gerhardt guilty, noting his reason for the decision was the "proponderence [sic] of the evidence." *Id.* Sanctions imposed included the loss of thirty days of earned credit time. *Id.*

Mr. Gerhardt appealed to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. Dkts. 9-6, 9-7, & 9-8. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Gerhardt's sole ground for relief in his petition challenges the sufficiency of the evidence. He argues that there is no evidence of his personal involvement, or engagement, in an unauthorized financial transaction. He parses the definition of an unauthorized financial transaction in the Adult Disciplinary Process (ADP). Section B-220 of the ADP provides:

> Engaging in Unauthorized Financial Transaction
>
> Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction.

IDOC ADP, Appendix I: Offenses (June 1, 2015), Section B-220.

Mr. Gerhardt argues there is no evidence in the conduct report to demonstrate that he *engaged* in an unauthorized financial transaction. He also cites to Indiana statutes and IDOC policy on the preponderance of evidence standard, arguing that because there was no evidence of him engaging in the transaction, there was not a preponderance of evidence against him.

The IDOC's investigator reported a telephone call where another offender at the same facility as Mr. Gerhardt was talking to his father. The offender told his father to send a Wal-Mart card to another person "for AG" – Mr. Gerhardt's initials – and provided a phone number the

investigator linked to Mr. Gerhardt. This information was in the conduct report, relied on by the hearing officer.

The recording of the phone call between Offender Padgett and his father has been filed with the Court *ex parte*. Dkt. 13. The full phone call provides more context and indicates that Padgett was urgently trying to settle a debt for a cell phone. He asked his father to place money on his prison account so that he could buy commissary for the owner of a cell phone that he was trying to pay for. Dkt. 13.

Mr. Gerhardt maintains that this evidence is meager and does not indicate that he was involved or engaged with the financial transaction. His burden on a sufficiency of the evidence claim is onerous. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Indeed, this standard is much more lenient than the preponderance of the evidence standard. *Id.* "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). Even meager evidence and inferences will suffice.

On this record there was "some evidence" to support the hearing officer's decision. The phone number provided by Offender Padgett to his father was linked to Mr. Gerhardt. The initials used to identify a money transaction to that phone number were Mr. Gerhardt's. Offender Padgett

indicated on the call to his father that he needed to satisfy a debt to someone else in his facility. This evidence supports the hearing officer's decision, and accordingly, Mr. Gerhardt's challenge to the sufficiency of the evidence is without merit.

Because the sufficiency of the evidence claim is the sole ground for relief, the petition for a writ of habeas corpus is **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Gerhardt to the relief he seeks. Accordingly, Mr. Gerhardt's petition for a writ of habeas corpus is **denied** and the action **dismissed**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/14/2018

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Adam Gerhardt
215056
Pendleton - CIF
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov